STATE OF NORTH CAROLINA
v.
RICARDO MENDOZA.
No. COA07-1410
Court of Appeals of North Carolina
Filed July 1, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Charles E. Reece, for the State
Duncan B. McCormick, for defendant-appellant.
CALABRIA, Judge.
Ricardo Mendoza ("defendant") appeals a judgment entered upon jury verdicts finding him guilty of assault with a deadly weapon inflicting serious injury and violation of a domestic violence protective order. We find no error.
On 4 October 2006, defendant was arrested and charged with assault with a deadly weapon inflicting serious injury, felony breaking and/or entering, domestic criminal trespass, assault on a female, and violation of a domestic violence protection order . After defendant's conviction of the misdemeanor charge in district court on 25 October 2006, defendant appealed to superior court for a trial de novo. On 2 January 2007, defendant was indicted for first degree burglary and assault with a deadly weapon inflicting serious injury.
Prior to trial on 11 June 2007, defendant filed a written motion for sequestration of the State's witnesses. Defendant cited N.C. Gen. Stat. § 15A-1225, N.C. Gen. Stat. §8C-1, Rule 615, as well as constitutional grounds in support of his motion. In his motion, defendant argued that since the case was over six months old as of the date of filing the motion, there was a possibility that the time factor could affect the witnesses' recollection of the facts causing a witness to "rely less on his or her own recollection and more on an unobserved or unremembered fact offered by another. `The purpose of the exclusion rule is, of course, to prevent the possibility of one witness shaping his testimony to match that given by the other witnesses at the trial.'"
At trial, defendant stated to the court that he had filed a "motion for sequestration." Defendant argued that the State's witnesses should be sequestered "and not all be allowed to come in here at the same time. So that they do not refresh each other's memories. This did happen in September 2006." The court denied the motion without prejudice of his right to object to any question. The court informed defendant "I'll just deal with objections as they are posed."
Defendant was convicted of assault with a deadly weapon inflicting serious injury and violation of a domestic violence protective order. The trial court sentenced defendant to a term of twenty-five to thirty-nine months imprisonment in the North Carolina Department of Correction . Defendant appeals.
Defendant's sole argument on appeal is that the trial court abused its discretion by denying his motion to sequester the State's witnesses. We disagree.
"A ruling on a motion to sequester witnesses rests within the sound discretion of the trial court, and the court's denial of the motion will not be disturbed in the absence of a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision."State v. Call, 349 N.C. 382, 400, 508 S.E.2d 496, 507-08 (1998).
Here, although defendant alleged in his motion that witnesses might "tailor his or her own recollection to fit the majority view," he has cited nothing in the record to show any witnesses tailored their testimony to "fit the majority view." See State v. Anthony, 354 N.C. 372, 396, 555 S.E.2d 557, 575 (2001), cert. denied, 536 U.S. 930, 153 L. Ed. 2d 791 (2002) (where a defendant failed to point to any instance in the record where a witness conformed his or her testimony to that of another witness, the defendant failed to show an abuse of discretion in the trial court's denial of a motion to sequester witnesses). Furthermore, the court denied defendant's motion without prejudice to his right to object to any question that was tendered and the court told defendant "I'll just deal with objections as they are posed." Defendant possessed the witnesses' statements and was free to cross examine them regarding any inconsistencies between their statements and trial testimony. See State v. Van Cross, 293 N.C. 296, 299,237 S.E.2d 734, 737 (1977) (the fact that defendant had prior witness statements with which to impeach any inconsistencies in witness testimony meant the trial court did not abuse its discretion in denying a motion to sequester). Accordingly, we find no error.
No error.
Chief Judge MARTIN and Judge STROUD concur.
Report per Rule 30(e).